J-A03021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                             :        PENNSYLVANIA
                             :
              v.                 :
                             :
                             :
DALE J. BURCH, JR.          :
                             :
                             :  No. 93 WDA 2023

Appeal from the PCRA Order Entered December 5, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0012111-2003

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:         **FILED: April 23, 2024**

Dale J. Burch, Jr. appeals *pro se* from the order denying his untimely-filed petition pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  For the reasons that follow, we affirm.

The pertinent facts and procedural history may be summarized as follows:  On January 13, 2005, the trial court convicted Burch of third-degree murder following a bench trial.  On April 4, 2005,  the trial court sentenced Burch to twenty to forty years of imprisonment, and thereafter denied his timely-filed post-sentence motion.  Burch appealed.  On September 28, 2007, we affirmed his judgment of sentence.  ***Commonwealth v. Burch***, 938 A.2d 11096 (Pa. Super. 2007) (non-precedential decision).  On April 9, 2008, our Supreme Court denied Burch's petition for allowance of appeal. ***Commonwealth v. Burch***, 946 A.2d 684 (Pa. 2008).  Burch did not seek further review.

On April 7, 2009, Burch filed a *pro se* PCRA petition and the PCRA court appointed counsel. On September 10, 2009, PCRA counsel filed a "no-merit" letter and a motion to withdraw, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On October 26, 2009, the PCRA court issued a Pa.R.A.P. 907 notice of its intent to dismiss Burch's petition without a hearing. This notice further granted PCRA counsel's motion to withdraw. Burch did not file a response. By order entered February 2, 2010, the PCRA court dismissed Burch's petition. In this order, the PCRA court expressly advised Burch that he had thirty days to appeal.[1]

Thereafter, on June 8, 2010, and again on September 23, 2010, Burch filed a handwritten notice of appeal with the lower court. On each occasion, the Department of Court Records informed Burch of the deficiencies in his notice, and informed Burch that, once corrected, the notice of appeal would be forwarded to this Court.[2] No further activity appears on the docket until

---

[1] Because PCRA counsel was permitted to withdraw after filing a **Turner/Finley letter**, **see infra**, Burch was no longer entitled to court-appointed counsel for his appeal. **See Commonwealth v. Shaw**, 217 A.3d 265, 268 n.3 (Pa. Super. 2019). Inexplicably, the PCRA court's dismissal order informed Burch that he was "entitled to counsel and current counsel shall continue to represent" him.

[2] The relevant docket entries reveal that while the first letter regarding the deficiencies was mailed directly to Burch, the second was mailed to PCRA counsel, even though he had been permitted to withdraw.

July 15, 2019, when Burch filed a *pro se* request for a copy of his docket entries.

On November 27, 2021, Burch filed the *pro se* PCRA petition at issue, his second. Due to the original judge's retirement, the case was reassigned to another judge. On November 7, 2022, the PCRA court issued a Rule 907 notice to dismiss Burch's petition without a hearing. Burch did not file a response. By order entered December 5, 2022, the PCRA court dismissed Burch's second petition. This appeal followed. Although the PCRA court did not require Burch to comply with Pa.R.A.P. 1925(b), on May 2, 2023, the PCRA court filed an opinion in which it stated that Burch's second PCRA was untimely, and Burch failed to establish a time-bar exception.

Burch raises the following issue on appeal, which we state verbatim:

WHETHER THE PCRA COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO ABIDE BY RULE 907(4))("Certified mail, return receipt requested'), IN DISMISSING APPELLANT'S <u>APRIL 20, 2009</u>, PCRA PETITON WITHOUT ADVISING HIM OF HIS RIGHT TO APPEAL?

Burch's Brief at 4.

We first determine whether the PCRA court correctly concluded that Burch's 2021 petition was untimely filed, and that Burch failed to establish a time-bar exception. The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment

becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception, "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Burch's judgment of sentence became final on July 8, 2008, ninety days after he failed to file a petition for discretionary review in the United States Supreme Court. **See** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Burch had until July 8, 2009 to file a timely PCRA petition. As Burch filed the petition at issue in 2021, it is patently untimely unless he has satisfied his burden of

pleading and proving that one of the enumerated exceptions applies. **See**
**Hernandez**, **supra**.

Burch has failed to plead and prove any exception to the PCRA's time
bar. In his 2021 petition, Burch acknowledged that his petition was untimely,
but stated that he could establish "governmental interference" because:
"Criminal Docket shows that my first PCRA was denied on 02/02/2010
however it was returned as undeliverable. Therefore, I did not know that my
first PCRA petition was denied." PCRA Petition, 11/27/21, at 3. Burch
provides no further argument regarding the PCRA's time-bar exception in his
appellate brief. Instead, without citation, Burch argues that, given this lack
of notice, his "2009 PCRA Petition is still pending." Burch's Brief at 8.[3]

Initially, we note that Burch has raised his time-bar exception in an
untimely manner. As noted above, Burch requested a copy of his docket
entries in 2019, but did not file the PCRA petition at issue until two years later
in 2021. Burch had only one year in which to file his petition once he
discovered that he allegedly did not receive notice of the denial of his first
PCRA petition. **See** Section 9545(b)(2), **supra**. Indeed, Burch provides no
explanation for why he waited over twelve years to review the docket entries
in his case. **See Commonwealth v. Chimenti**, 218 A.3d 963, 975 (Pa.
Super. 2019) (regarding the governmental interference exception, the "proper

---

[3] Instead, Burch asks this Court to quash the present appeal as premature,
"order the Clerk of Courts" to comply with all notice requirements, and then
permit him to file a new notice of appeal within thirty days from the date of
service of the 2010 order denying his first PCRA petition. Burch's Brief at 16.

question" is whether the government interfered with the petitioner's ability to present his claim and where he was duly diligent in seeking the facts on which his claim is based). We could affirm the denial of post-conviction relief on this basis alone.

Nonetheless, our review of the record refutes Burch's claim of lack of notice. According to the docket entries, a copy of the PCRA court's February 2, 2010 dismissal order was mailed to Burch and listed as "Returned – Undeliverable" on February 11, 2010. However, On February 11, 2010, another copy of the order was mailed to Burch, and there is no indication it was returned.

Moreover, as noted above, in 2010, Burch twice tried to file a notice of appeal from the denial of his first PCRA petition. These filings demonstrate that he was aware that his PCRA petition had been dismissed on February 2, 2010—long before his 2019 request for docket entries. Finally, Burch attempted to file two deficient notices of appeal to the 2010 order and in neither did Burch complain that he did not receive timely notice of the 2010 dismissal order. Rather, as part of his 2010 notices of appeal, Burch asserted that they were late because he was "chronically ill" and/or was in the restrictive housing unit of the prison.

In sum, Burch's 2021 PCRA petition is untimely, and he has failed to establish a time-bar exception. As such, both the PCRA court and this Court lack jurisdiction to consider his substantive claims. **Derrickson**, **supra**. We therefore affirm the PCRA court's order denying Burch post-conviction relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

4/23/2024